UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-25140-MOORE/MCALLEY

MANUEL CARRILLO,

     *Plaintiff,*

vs.

UNDISPUTED CONSTRUCTION SERVICES LLC and
BENITO PAUL,

     *Defendants.*

_____/

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, MANUEL CARRILLO, and Defendants, UNDISPUTED CONSTRUCTION SERVICES LLC and BENITO PAUL, by and through their undersigned counsel, jointly submit this Motion, requesting that this Court approve the Parties' settlement of the Plaintiff's claims in the above-captioned matter.  The good cause warranting this Motion is as follows:

1. On December 12, 2016, Plaintiff filed a Complaint, claiming that the Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by allegedly failing to pay overtime wages for all hours worked in excess of 40 in a workweek [ECF No. 1].

2. On January 11, 2017, Defendants filed their Answer and Affirmative Defenses, unequivocally denying the allegations of the Plaintiff's Complaint, and raising numerous defenses. [ECF No. 10.]

3. The Parties participated in a Settlement Conference with United States Magistrate Judge Chris M. McAliley at which they reached an amicable resolution to the Plaintiff's claim. During the settlement conference, Defendants disclosed the corporate Defendant's tax returns, which demonstrated that it did not have the threshold $500,000 in gross annual revenues,

jeopardizing FLSA enterprise coverage. Since Plaintiff did not travel outside of the State of Florida for work, the ability to prove FLSA individual coverage was, likewise, uncertain. In addition, Defendants disputed both the amount of the travel time at issue and that the travel time was compensable at all under the Portal-To-Portal Act, making any recovery uncertain. Notwithstanding the parties' positions and the potential for there to be no FLSA coverage at all. A true and correct copy of the Parties' Settlement Agreement is attached as Exhibit "A".

4.      Pursuant to the Parties' Settlement Agreement, Plaintiff agrees to accept from Defendants payments totaling $8,500.00 (the "Settlement Payment") in full settlement and satisfaction of Plaintiff's claim against Defendants existing prior to the execution of the Settlement Agreement, including, but not limited to, the claim for attorneys' fees and costs.  The Settlement Payment constitutes the maximum sums to be paid by Defendants to Plaintiff or his attorneys and shall be paid according to the following schedule:

  a.      Checks totaling $2,500 within 14 days of approval of the settlement;

  b.      Checks totaling $2,500 within 44 days of approval of the settlement;

  c.      Checks totaling $2,500 within 74 days of approval of the settlement; and

  d.      Checks totaling $1,000 within 104 days of approval of the settlement.

The aforementioned checks will be divided between attorneys' fees and costs on a pro-rata basis so that Plaintiff and his counsel are paid out at the same time through separate monthly checks from Defendants payable directly to Plaintiff and his counsel.

5.      The Settlement Agreement provides that the Plaintiffs will receive a total of $8,500.00 in disputed back pay and in liquidated damages, broken down as follows:

  a.      $1,500 in unpaid, underpaid overtime wages; plus

  b.      $1,500 in liquidated damages.

6.      The Settlement Agreement also provides that the Defendants agree to pay $5,500.00 to Brian H. Pollock, Esq. of FairLaw Firm, in full settlement of the Plaintiff's attorneys' fees ($4,995.09) and costs ($504.91), in installment payments. A copy of Plaintiff's counsel's time and expense records are appended hereto as Exhibit "B" and reflect that Plaintiff's counsel reduced his fees to facilitate the settlement of Plaintiff's claim(s).

7.      The Plaintiff reviewed the terms of the Settlement Agreement, and after consulting with his attorney, found its terms acceptable. The Parties were advised and represented by counsel throughout the litigation and settlement process.

8.      The Court must approve Parties' settlement, because Plaintiff's claims were brought pursuant to the FLSA. Courts have recognized that approval of FLSA settlements is warranted when the settlement is fair and reasonable.

9.      The Court should approve the Parties' Settlement Agreement, as it is both fair and reasonable. There were disputed issues between the Parties, including both liability, exemption, and the amount of overtime hours worked, and the settlement negotiated and reached by the Parties reflects a reasonable compromise of those issues at mediation.

WHEREFORE, the Parties respectfully request that the Court approve the Parties' Settlement Agreement and dismiss this action with prejudice.

**MEMORANDUM OF LAW**

**I.      THIS COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENT BECAUSE IT IS A FAIR AND REASONABLE COMPROMISE OF THE DISPUTE OVER THE PLAINTIFF'S FLSA CLAIMS.**

There are two ways in which claims under the FLSA may be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  See 29 U.S.C. § 219(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th

Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, the employee may settle and release an FLSA claim if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food*, 679 F.2d at 1354. Thus, the District Court must scrutinize the settlement to ensure that it is a fair and reasonable resolution of a bona fide dispute. *See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994) (recognizing that, when determining whether a settlement is fair and reasonable, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel). This Court should approve the Parties' Settlement Agreement because it is a fair and reasonable compromise of the Plaintiff's disputed claims against Defendants.

### A. The Parties' Settlement Is Fair And Reasonable Given The Disputed Issues In The Case And The Considerable Expense of Additional Litigation.

In this case, it is evident that the proposed settlement is both fair and reasonable. This

Settlement Agreement arises out of an adversarial action brought by Plaintiff, in which the Plaintiff contends that Defendants did not properly pay overtime pay he earned while for working for them in the form of unpaid travel time. [ECF No. 1.] As set forth in their Answer and Defenses, Defendants denied the Plaintiff's claims and thereafter exchanged records that helped to identify the value of Plaintiff's claim(s). [ECF No. 11.] Mr. Carrillo's claim was for "off the clock" work which included travel time, and so the issues involve undocumented work and the application of the Portal to Portal Act, and was thus disputed and uncertain. Furthermore, the issue of FLSA coverage (and the concomitant requirement to pay overtime) was in dispute, considering that the corporate Defendant's gross annual revenues did not exceed $500,000, and that Plaintiff may not be entitled to individual FLSA coverage. *See Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1316 (11th Cir. 2011) (affirming the finding no individual coverage for construction worker who performed remodeling).

In light of the many significant disputed issues set forth above, the Parties agreed that the Plaintiff's and, concomitantly, the Defendants' likelihood of success on the merits was, at best, uncertain. As a result, the Parties negotiated a settlement that they believe reflects a reasonable compromise of the disputed issues at mediation.

**B.      The Parties Engaged In Extensive Negotiations, Culminating In A Fair And Reasonable Settlement.**

After the Parties had an opportunity to review each other's documents, their attorneys negotiating a resolution of the FLSA claims. The Parties' counsel engaged in negotiations based upon their independent calculations of the value of the claims and the evidence supporting their respective positions. After multiple rounds of negotiations during the Settlement Conference, the Plaintiff agreed to settle his claims against the Defendant for a total sum of $8,500.00, of which $1,500.00 is to be allocated towards his unpaid overtime claim and $1,500.00 in liquidated

damages. This amount is more than fair, particularly since Defendants contend that Plaintiff was not entitled to any overtime wages.

The settlement amount and allocation of the settlement amount reflects the Parties' belief that additional litigation is likely to be protracted and expensive, given the claims and defenses that have been asserted. Plaintiff has been independently represented and counseled by his attorney, Brian H. Pollock of the FairLaw Firm, throughout the litigation and settlement process, and he voluntarily agreed to the terms of the Parties' Settlement Agreement.

C.     **Plaintiff's Attorneys' Fees Are Fair And Reasonable.**

Pursuant to the Parties' Settlement Agreement, Defendants agree to pay the Plaintiff's attorney, Brian H. Pollock, Esq., $5,500.00 for his fees and costs, payable over time in installments. This agreed payment of Plaintiff's attorneys' fees and costs is reasonable. These fees and costs are not a percentage of the Plaintiff's recovery in this case, and there is no correlation between the amount of monetary consideration being paid to the Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf. *See* 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Notably, Courts have held that it is unnecessary to inquire into the reasonableness of a plaintiff's attorneys' fees where, as here, both sides stipulated as to the reasonableness of the fees and it is readily apparent that the fees and costs did not diminish the plaintiff's recovery. *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009).

Here, Brian H. Pollock, Esq. has represented the Plaintiff since December 9, 2016. Throughout this litigation, Plaintiff's Counsel has engaged in case analysis, legal and factual research, and conducted settlement negotiations, while expending significant time advocating on behalf of Plaintiff. The Parties agree that the Plaintiff's attorneys' fees and costs are reasonable

in the context of this case and in the experience of counsel, especially when Mr. Pollock's time and expense records well exceed the $5,500 he is to receive in this case. *See* Exhibit "B". Consequently, Mr. Pollock compromised his attorneys' fees as part of the settlement.

## CONCLUSION

The Parties jointly and respectfully request that this Court approve the Parties' Settlement Agreement and dismiss the instant action with prejudice.

Dated this 30th day of March, 2017.

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 405
Miami, FL 33156
Tel:   305-230-4884
Fax:  305 230 4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Florida Bar No.:  174742
brian@fairlawattorney.com

LUBELL & ROSEN, LLC
*Counsel for Defendants*
200 S. Andrews Avenue
Suite 900
Ft. Lauderdale, FL 33301
Tel:     954.880.9500
Fax:    954.755.2993

s/*Adi Amit, Esq.*
Adi Amit, Esq.
Fla. Bar No. 35257
adi@lubellrosen.com